**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARK POLSON**, individually and on behalf of all others similarly situated, | ) | Case No. 1:25-cv-02285-DAP |
| | ) | JUDGE DAN AARON POLSTER |
| Plaintiff, | ) | |
| vs. | ) | **AMENDED[1] COLLECTIVE ACTION COMPLAINT** |
| **UNIVERSITY HOSPITALS HEALTH SYSTEM, INC.**, | ) | **JURY DEMAND ENDORSED HEREON** |
| Defendant. | ) | |

Mark Polson ("Plaintiff"), individually and on behalf of all others similarly situated, for his amended collective action Complaint against Defendant University Hospitals Health System, Inc. ("Defendant"), states as follows:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as a FLSA "collective action" individually and on behalf of other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. §216(b).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

---

[1] This amended complaint is intended to remove Rule 23 class action claims and is filed with the opposing party's written consent, pursuant to Fed. R. Civ. P. 15(a)(2).

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant is domiciled in this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

## PARTIES

5. Plaintiff is an adult individual residing in Medina, Ohio.

6. Plaintiff has been employed by Defendant as a non-exempt hourly employee since approximately July 20, 2020.

7. Plaintiff's written Consent to Join this Action was attached as **Exhibit A** to the Original Complaint. (ECF No. 1-1).

8. At all relevant times, Plaintiff and other similarly situated persons were "employees" within the meaning of the FLSA.

9. At all relevant times, Plaintiff and similarly situated employees were engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

10. Defendant is an Ohio nonprofit corporation with its headquarters in Cleveland, Ohio. Defendant can be served through its Ohio registered statutory agent: CT Corporation System, 4400 Easton Commons, Suite 125, Columbus, Ohio 43219.

11. At all relevant times, Defendant was an employer of Plaintiff and other similarly situated employees within the meaning of the FLSA.

12. At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Defendant was fully aware of the fact that it was legally required to comply with the FLSA.

## FACTS

14. Defendant provides various hospital and healthcare services in Ohio.

15. Defendant employs hourly workers to provide various healthcare services.

16. Plaintiff has worked for Defendant as an hourly surgical assistant.

17. Plaintiff has worked in the surgery department at Parma Medical Center.

18. Plaintiff is required to wear sterile surgical scrubs, a sterile scrub hat, sterile operating room shoes, and sterile shoe covers.

19. Plaintiff is required to change into and out of his sterile work clothing in the locker room located at Defendant's facility.

20. Given the nature of Plaintiff's job, he and those similarly situated could not perform their jobs without the sterile work clothing that Defendant requires to be donned and doffed at its facility.

21. Plaintiff typically spent up to ten minutes donning and up to ten minutes doffing his sterile work clothing for each shift.

22. At all relevant times, Plaintiff and those similarly situated employees regularly worked more than 40 hours per workweek for Defendant, including donning and doffing time.

23. Plaintiff and other similarly situated employees were hourly employees who worked for Defendant within the last three years and were required to change into and out of sterile work clothing at Defendant's facilities without pay.

## Defendant's Recordkeeping Violations

24. The FLSA and state law, including Ohio law, require Defendant to maintain accurate and complete records of employees' time worked and amounts earned and paid. 29 U.S.C.

§ 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; O.R.C §§ 4111.08, 4111.14(F); and Ohio Const. Art. II, § 34a.

25. For example, the FLSA requires employers to make and keep payroll records showing information and data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime compensation is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period, and date of payment and pay period covered by the payment. *See* 29 C.F.R. §516.2.

26. Defendant kept records of some hours worked or otherwise had the ability to accurately track hours worked through Defendant's hardware, software, and/or systems, by Plaintiff and other similarly situated employees.

27. However, because of Defendant's policy of not paying for donning and doffing time described herein, Defendant failed to accurately track, keep, or transmit the hours worked each day Plaintiff and other similarly situated employees.

28. Defendant willfully and intentionally transmitted inaccurate and/or incomplete records to payroll for compensation purposes, which wrongly excluded donning and doffing from compensable time worked. Defendant's failure to correctly classify such time as compensable hours worked had the direct effect of reducing Defendant's labor costs to the detriment of Plaintiff and other similarly situated employees.

29. Defendant willfully and intentionally did not correctly record and pay all hours worked in violation of the FLSA and violated the FLSA's recordkeeping requirements.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) individually and on behalf of others similarly situated who have similar claims under the FLSA and who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

31. The FLSA Collective members who are "similarly situated" to Plaintiff with respect to Defendant's FLSA violations are defined as follows:

> **All current and former hourly employees of Defendant, including temporary employees as applicable, who were required to change into and out of sterile work clothing (e.g., scrubs, hat, shoes, shoe covers etc.) without pay, and who worked 40 or more hours during any such workweeks at any time from October 23, 2022 through final disposition of this matter.**

32. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests as well as his own in bringing this action.

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly non-exempt employees, and all were subjected to and injured by Defendant's failure to pay Plaintiff and others similarly situated an overtime premium of one and a half times their properly calculated regular rates for all hours that exceeded 40 in the workweek. All have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs

34. The identities of the putative FLSA Collective members are presumed to be readily identifiable through the payroll records Defendant that Defendant is required to maintain, pursuant to the FLSA.

**COUNT ONE**
**(FLSA Overtime Violations)**

35. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Plaintiff brings this claim for violations of the FLSA's overtime provisions on behalf of himself and the FLSA Collective members who will join this case pursuant to 29 U.S.C. § 216(b).

37. At all relevant times, Defendant knew it was required to pay Plaintiff and the FLSA Collective members all overtime compensation earned at a rate of one and a half times their properly calculated regular rate.

38. Here, Defendant failed to pay Plaintiff and those similarly situated for work time spent donning and doffing sterile work clothing which was required to perform their jobs. This resulted in Plaintiff and others similarly situated not receiving all the overtime pay that they earned and were entitled to receive under federal law.

39. Defendant's practice and policy of not paying Plaintiff and other similarly situated for all earned overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked in excess of 40 hours per workweek is a violation of the FLSA.

40. By engaging in that practice, and by failing to keep accurate records as required by law, Defendant willfully violated the FLSA.

41. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the FLSA Collective members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant.

42. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective members were injured in that they did not receive all overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, respectfully requests that this Honorable Court:

A. Direct that Court-approved notice be issued pursuant to 29 U.S.C. § 216(b) to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join;

C. Award Plaintiff and the Opt-Ins who join actual damages for unpaid wages;

D. Award Plaintiff and the Opt-Ins who join liquidated damages equal in amount to the unpaid wages found due to Plaintiff and the Opt-Ins;

E. Award Plaintiff and the Opt-Ins who join pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the Opt-Ins who join all attorneys' fees, costs, and disbursements incurred in prosecuting this action; and,

G. Award Plaintiff and the Opt-Ins who join any such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Hans Nilges*
Hans Nilges (OH Bar 0076017)
7034 Braucher St, N.W., Suite B
North Canton, OH 44720
Telephone: 3304704428
Facsimile: 3307541430
Email: hnilges@ohlaborlaw.com

Robi J. Baishnab (0086195)
700 W. St. Clair Ave., Suite 320
Cleveland, OH 44113
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: rbaishnab@ohlaborlaw.com

*Counsel for Plaintiffs*

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

*/s/ Hans Nilges*
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
*Counsel for Plaintiffs*